IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-cv-477-BO

| | | |
|---|---|---|
| JOHN R. SLAPPER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## I. BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on August 28, 2006, alleging disability beginning February 28, 2003 (Tr. 11, 89-91, 100.) Plaintiff's application was denied initially on November 7, 2006 (Tr. 11, 49, 51-54) and upon reconsideration on January 26, 2007 (Tr. 11, 50, 57-60.) A hearing was held before an Administrative Law Judge (ALJ) on February 3, 2009 (Tr. 11, 21-48) and the ALJ issued an unfavorable decision on February 18, 2009 (Tr. 8-20.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on

September 11, 2010 (Tr. 1-5.) Plaintiff commenced this action by filing a complaint with this Court on November 9, 2010.

## II. **DISCUSSION**

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

## A. The Five-Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 416.920. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. When substantial gainful activity is not an issue, at step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. If the claimant has a severe impairment, at step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a Listing, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairments; if so, the claim is denied. If the claimant cannot perform past relevant work, at step five, the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work.

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from the alleged onset date thought his date last insured (Tr. 13). At step two, the ALJ determined that Plaintiff had the following severe impairments:

3

diabetes mellitus with peripheral neuropathy, hypertension, and borderline intellectual functioning (Tr. 13.) At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any of the listed impairments in 20 C.F.R. Part 404, Subpt. 4, App. 1 (Listings), specifically evaluating Listings 4.02 (chronic heart failure), 4.04 (ischemic heart disease), 9.08 (diabetes mellitus), and 12.05 (mental retardation) (Tr. 14-15.) The ALJ then determined that during the period at issue the Plaintiff had the residual functional capacity to perform light work as defined in the regulations, with additional limitations of requiring the opportunity to stretch every 45 minutes; performing only simple, routine, repetitive tasks; performing no constant fine fingering; and requiring limitations consistent with a finding of illiteracy (Tr. 15-19.) At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 19.) At step five, the ALJ relied on the testimony of a vocational expert and determined that jobs existed in significant numbers in the national economy that Plaintiff could perform (Tr. 19-20.) Accordingly, the ALJ found that from the alleged onset date through his date last insured, Plaintiff was not disabled within the meaning of the Act.

**B.   The ALJ's Finding that Plaintiff's Mental Impairment Did Not Meet Or Equal Listing 12.05C Is Not Supported By Substantial Evidence**

Plaintiff now assigns error to the ALJ's determination that

4

Listing 12.05C has not been met. Plaintiff bears the burden of demonstrating that his medical impairment meets or equals a listed impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). Listing 12.05 sets forth a two-part inquiry for determining mental retardation under the listings. *Norris v. Astrue*, No. 7:07-CV-184-FL, 2008 WL 4911794, at *3 (E.D.N.C. Nov. 14, 2008); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

First, a claimant must satisfy the diagnostic description of mental retardation, which requires a showing of "(1) significantly subaverage general intellectual functioning (2) with deficits in adaptive functioning (3) initially manifested during the developmental period; i.e. ... before age 22." *Id.* (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05). Upon making this showing, the claimant must then meet the required severity level of this disorder, which is accomplished by satisfying any one of four categories labeled (A)-(D) under § 12.05. *Id.* Plaintiff contends he satisfies the mental retardation listing under category C ("Listing 12.05C"), which requires (1) a valid verbal, performance or full scale IQ of 60 through 70; and (2) another impairment, physical or mental, that imposes an additional and significant work-related limitation of function. *Id.* at § 12.05C.

The record demonstrates that Plaintiff suffers from adaptive deficits which manifested before the age of 22. Plaintiff has a

5

sixth grade education, and, as noted by the ALJ, is illiterate (Tr. 43.) Additionally, Plaintiff suffered from viral meningitis when he was 3 years old which resulted in permanent damage to his cognitive functioning (Tr. 136-43.) Finally, Plaintiff's verbal, performance, and full scale IQ scores of 67, 73, and 67, respectively, place Plaintiff within the "low range of intelligence overall." (Tr. 154.) In this circuit, in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant throughout their life, and thus an adult IQ score is presumed to be an accurate reflection of the claimant's childhood functioning as well. *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir. 1985). Thus, the record demonstrates that Plaintiff suffers from deficits of adaptive functioning that manifested before age 22.

As to the second portion of the 12.05C analysis, the Court finds that Plaintiff's impairments impose additional, significant work-related limitations. The Court notes that an additional limitation "need not be disabling in and of itself." *Luckey v. U.S. Dept. of Health & Human Services*, 890 F.2d 666, 669 (4th Cir. 1989). Rather "[t]he inquiry is whether the claimant suffers from any additional physical or mental impairment significantly limiting work-related functions." *Luckey*, 890 F.2d at 669, citing *Kennedy v. Heckler*, 739 F.2d 168, 172 (4th Cir. 1984).

Here, ALJ Marrero found that Mr. Slapper suffered from the
6

severe impairments of diabetes mellitus with peripheral neuropathy and hypertension in addition to intellectual impairments (Tr 13.) These impairments create significant limitations in work-related functioning. The extent of these limitations was reflected in the ALJ Marrero's RFC determination (Tr. 15)(Plaintiff "had the residual functional capacity to perform light work . . . with additional limitations including the opportunity to stretch every 45 minutes, performing only simple, routine, repetitive tasks, with no constant fine fingering and with the finding of illiteracy.") Because it is undisputed that Plaintiff's diabetes mellitus and hypertension create additional and significant work-related functional limitations, Plaintiff satisfies the second and final requirement of Listing 12.05C.

### III. CONCLUSION

As the foregoing demonstrates, the decision of the ALJ is not supported by substantial evidence. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [DE 23] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE 25] is DENIED, and the decision of the Commissioner is REVERSED.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This the 18 day of August, 2011.

　　　　　　　　　　　　　　　　Terrence Boyle
　　　　　　　　　　　　　　　　TERRENCE W. BOYLE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

8